Application of NORTHERN STATES POWER COMPANY for authority to extend its electric distribution facilities to James A. Peterson, 6 Little Ponderosa, Minot, North Dakota.

Application of NORTHERN STATES POWER COMPANY for authority to extend its electric distribution facilities to Dacotah Homes, Inc., 9 Little Ponderosa, Minot, North Dakota.

Application of NORTHERN STATES POWER COMPANY for authority to extend its electric distribution facilities to Sylvan Loegering, 7 Little Ponderosa, Minot, North Dakota.

Application of NORTHERN STATES POWER COMPANY for authority to extend its electric distribution facilities to Robert Preskey, 5 Little Ponderosa, Minot, North Dakota.

Application of NORTHERN STATES POWER COMPANY for authority to extend its electric distribution facilities to James A. Peterson, Minot, North Dakota, at Lots 13 and 14 in the Little Ponderosa Subdivision, Minot, North Dakota.

Civ. Nos. 8550–8554.

Supreme Court of North Dakota.

Sept. 25, 1969.

Rehearing Denied Nov. 12, 1969.

Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, for appellant Verendrye Electric Cooperative, Inc.

John C. Stewart, Bismarck, Commerce Counsel for North Dakota Public Service Commission.

R. W. Wheeler, Bismarck, for respondent Northern States Power Co.

STRUTZ, Judge, on reassignment.

Each of the above five cases was started when Northern States Power Company made application for authority from the Public Service Commission to extend its electric service lines to the named consumer in each case, all located in a rural residential development some two miles west of the municipal limits of the city of Minot, known as the Little Ponderosa Subdivision. Northern States Power Company, by franchise, furnishes electric service to the city of Minot. Although there are five separate applications for such extension of service, because of the similarity of the five cases and because all five cases will be controlled by the same statutory provisions, they were consolidated on appeal to this court for purposes of argument and briefing of the law.

The record discloses that Northern States Power Company constructed an extension of its distribution lines into the Little Ponderosa area in 1964. At that time, Verendrye Electric Cooperative had distribution lines on three sides of the Little Ponderosa Subdivision, to wit, on the east, south, and west. These lines had been installed in approximately 1950. In 1964, Verendrye Electric Cooperative also had one electric supply line running into the Little Ponderosa area, which it had installed pursuant to a 1963 easement. Service over this line, however, was subsequently discontinued at the request of the customer, and electric energy no longer was being furnished over the line at the time when Northern States Power Company extended its lines into the area.

In 1964, when Northern States Power Company extended its lines into Little Ponderosa, the law permitted a public utility to extend its lines into territory contiguous to a municipality being served by it, without first securing from the Public Service Commission the authority to do so and without a determination by the Public Service Commission that public convenience and necessity required such extension. The law at that time merely provided that if any public utility, in so extending its lines, unreasonably interfered with the service or the system of another public utility or of any electric cooperative, the Public Service Commission, on complaint of the one claiming to be injuriously affected, could, after hearing, make such order as circumstances warranted. Sec. 49-03-05, N.D.C.C. No complaint was filed by Verendrye, however, protesting the extension of Northern States Power Company's lines into Little Ponderosa in 1964.

In 1965, the law was amended by enactment of the so-called Territorial Integrity Act, Chapter 319 of the Session Laws of 1965. After such amendment, a public utility could not extend its lines beyond or outside the corporate limits of any municipality it was serving, nor could it serve any new customer where the place to be served was not located within the corporate limits being served, until such public utility had obtained an order from the Public Service Commission authorizing such extension and also a certificate that public convenience and necessity required that permission to extend the lines be given.

The five customers situated within the area of the Little Ponderosa Subdivision are not within the corporate limits of Minot. Therefore, when the five applications here under consideration were filed, it was necessary for Northern States Power Company to obtain orders from the Public Service Commission authorizing the extensions. It was also necessary to obtain certificates from the Public Service Commission that public convenience and necessity required that permission to extend its lines to such customers be given.

On this record, the Public Service Commission found in each case that Northern States Power Company had not previously rendered electric service to the locations described in each of the applications; that each extension, if approved, would be made

from existing facilities of Northern States Power Company located in the Little Ponderosa Subdivision, the earliest of which was constructed in 1964; that Verendrye Electric Cooperative has supply lines on three sides of the Little Ponderosa Subdivision; that Verendrye was the first supplier in the Little Ponderosa Subdivision, having installed lines to serve a corral in the subdivision in 1963; that at the time of the hearing before the Public Service Commission, Verendrye Electric Cooperative served no location in Little Ponderosa, while Northern States Power Company was serving six such locations, two of which had been served prior to the enactment of the 1965 amendment but subsequent to the time Verendrye had extended its lines into the area to serve the corral; that both Northern States Power and Verendrye are operating in the general area of Little Ponderosa; that authorizing the extensions requested by the applications would unreasonably interfere with the service and the system of Verendrye Electric Cooperative, and that authorizing Northern States Power Company's applications for extensions of its lines as requested would not be consistent with the orderly growth and development of electric service in the area; that public convenience and necessity does not require that the area be served by Northern States Power Company; and therefore that public convenience and necessity will best be served by having Verendrye Electric Cooperative furnish electric service to the sites in Little Ponderosa described in the applications.

The Public Service Commission, on such findings, entered its order denying each of the five applications, and Northern States Power Company thereupon appealed to the district court from each of such orders. The district court found from the above facts that the extensions do not unreasonably interfere with Verendrye Electric Cooperative and that public convenience and necessity would not be served by requiring the removal of the existing facilities contrary to preference of the customers named in the applications. The district court thereupon reversed the orders of the Public Service Commission and remanded the five cases to the Commission for disposition in accordance with its findings.

From the judgment of the district court, the Public Service Commission and Verendrye Electric Cooperative have appealed to this court, demanding trial de novo and a review of the entire proceedings.

■■■ Upon appeal to the Supreme Court from a judgment of the district court, entered in an appeal from the decision of an administrative agency, the scope of appeal is limited. The district court, and this court on appeal from the district court, must affirm the decision of the agency unless the court finds that the decision of the agency is not in accordance with law, or that it is in violation of the constitutional rights of the appellant, or that any of the provisions of the Administrative Agencies Practice Act have not been complied with in the proceedings before the agency, or that the rules of procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact. Sec. 28–32–19, N.D.C.C.

■ Thus, upon appeal to the Supreme Court, even though the appellant demands trial de novo, the scope of the appeal is limited by the above statutory provision. This court does not have jurisdiction to decide administrative issues or questions which the Legislative Assembly has delegated to the administrative agency. Cass County Electric Cooperative v. Otter Tail Power Co., 169 N.W.2d 415 (N.D.1969).

■ The power to determine public convenience and necessity in this case is an administrative power which the Legislature has vested in the Public Service Commission. In exercising this power, the agency must exercise judgment and discretion. Its

order on the question of public convenience and necessity must not be arbitrary, capricious, or unreasonable, but if there are facts which reasonably support such order, if the parties have not been denied due process, if the decision is not in violation of the constitutional rights of the one appealing from the decision of the Public Service Commission, and if the provisions of the Administrative Agencies Practice Act have been complied with in the proceedings before the agency, then the courts have no power to reverse the order and decision of the Commission. If the court could reverse an order which an administrative agency has made in the exercise of its discretion, the court would be substituting its discretion for that of the Commission and would be exercising administrative functions which our Constitution prohibits the Legislature from conferring upon the court. See Sec. 96, N.D. Constitution; Great Northern Ry. Co. v. McDonnell, 77 N.D. 802, 45 N.W.2d 721 (N.D.1950); City of Carrington v. Foster County, 166 N.W.2d 377 (N.D.1969).

■ We have carefully reviewed the record made before the Public Service Commission in each of these five cases. The finding of fact that Verendrye Electric Cooperative has been furnishing electric power in the Little Ponderosa Subdivision since 1963, when it extended its lines to serve a corral in that area, is not sustained by the evidence, for that service was subsequently discontinued on orders of the owner of the corral. We deem that error to be immaterial in light of the other facts in the case which support the findings in other material respects.

■ The facts in these five cases are different from those found in the recent case of *Cass County Electric Cooperative v. Otter Tail Power Co., supra*, in that in the instant cases the public utility was legally serving two customers in the Little Ponderosa Subdivision prior to the effective date of Chapter 319, Session Laws of 1965, amending Chapter 49–03, North Da-

kota Century Code. The issue before the Public Service Commission in these cases, therefore, is whether public convenience and necessity requires that Northern States Power Company be given a certificate of public convenience and necessity to extend its lines. The determination of that question is an administrative determination which has been vested by the Legislature in the Public Service Commission. Although the court might feel that the determination made by the Public Service Commission is not the determination that the court would have made had it been called upon to make the decision, and that a different decision should have been made, the determination of the Public Service Commission nevertheless is an administrative determination which has been assigned to the Public Service Commission by the Legislative Assembly. Where this agency in its proceedings furnishes due process of law, where the decision does not violate the constitutional rights of the appellant, where the provisions of the Administrative Agencies Practice Act have been complied with in the proceedings before the agency, and where there is evidence to support the findings of the agency and the decision of the agency is supported by the findings, the courts have no authority to substitute their judgment for that of the Commission. Williams Electric Cooperative v. Montana-Dakota Utilities Co., 79 N.W.2d 508 (N.D.1956).

■ We have reviewed the entire record made before the Public Service Commission and conclude that, although some of the findings of the Commission cannot be sustained, its decision is supported by substantial evidence; that the public utility has not been denied due process; that the decision of the Public Service Commission is not in violation of the constitutional rights of the utility; and that the provisions of the Administrative Agencies Practice Act have been complied with in proceedings before the Commission. The judgment of the district court revers-

ing the decision of the Public Service Commission therefore must be reversed and the decision of the Commission affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON, and PAULSON, JJ., concur.