CITIZENS STATE BANK OF NECHE, and State Banking Board, Appellees,

v.

BANK OF HAMILTON, Appellant.

No. 9156.

Supreme Court of North Dakota.

Feb. 11, 1976.

Lamb, Schaefer & McNair, Moorhead, Minn., for Bank of Hamilton, appellant; argued by Raymond A. Lamb, Moorhead, Minn.

Vogel, Vogel, Brantner & Kelly, Fargo, for Citizens State Bank of Neche, appellee; argued by Kermit E. Bye.

David O. Lee, Special Asst. Atty. Gen., Bismarck, for State Banking Board, appellee.

SAND, Judge.

On March 4, 1974, the State Banking Board received an application from the Citizens State Bank of Neche to relocate its bank from Neche to Cavalier, North Dakota, to change its name to Citizens State Bank of Cavalier, and to establish a paying and receiving station at Neche, North Dakota. On March 15, 1974, the State Banking Board also received an application from the Bank of Hamilton to relocate its bank from Hamilton to Cavalier, North Dakota, to change its name, and to open a paying and receiving station at Hamilton.[1] The

---

1. The application of Bank of Hamilton was before this court in a separate case, and decided on December 17, 1975, 236 N.W.2d 921.

State Banking Board set the hearing for both applications on April 18 and 19, 1974, in the Capitol at Bismarck, North Dakota. Notice of the hearing was served by certified mail upon the banking institutions in the area, including the Bank of Hamilton, and was published in the Cavalier Chronicle.

The State Banking Board issued its decision, dated August 14, 1974, granting the application to the Citizens State Bank of Neche. On the same date it also issued its decision granting the application to the Bank of Hamilton.

The Bank of Hamilton appealed the decision of the State Banking Board to the Burleigh County district court. The trial court held that the Bank of Hamilton lacked standing to appeal and affirmed the determination of the State Banking Board. The Bank of Hamilton appealed the district court decision to this court.

The Bank of Hamilton, on appeal to this court, argued that the district court erred by concluding that it lacked standing to appeal from the decision of the State Banking Board and that there was no substantial evidence to support the findings of fact and determination made by the State Banking Board. The Bank of Hamilton specifically challenged the Board's finding that the Citizens State Bank of Neche had insufficient business for the profitable conduct of the bank at Neche, where it was located, so as to justify the relocation under the provisions of § 6–03–13, NDCC, to Cavalier, North Dakota.

The Citizens Bank of Neche, appellee, contended before this court that the Bank of Hamilton lacked standing to appeal the decision of the State Banking Board and the decision of the district court. The Citizens State Bank of Neche further specifically argued that the decision of the State Banking Board was adequately supported by substantial evidence.

The Department of Banking and Financial Institutions[2] filed a brief with this court and appeared in support of the decision of the State Banking Board, contending that the Bank of Hamilton lacked standing to prosecute this appeal. Such appearance, in our view, was for and in behalf of the State Banking Board and we will hereinafter consider and refer to such appearance as if made by the State Banking Board.

Because the State Banking Board gave separate notice[3] of the hearing on the application of the Citizens State Bank of Neche to the Bank of Hamilton, the legal question arises whether or not the State Banking Board is estopped from challenging the standing of the Bank of Hamilton on the right to appeal. We have found no statutory duty in Title 6, and none has been called to our attention, which requires the State Banking Board to give separate notice of a hearing to banking institutions or associations on the proceedings involving the removal of a bank, similar to § 6–03–16, NDCC, requiring the giving of a notice to banking institutions where a hearing is to be held on an application to establish a paying and receiving station. Even though we are not aware of a similar provision requiring the giving of such notice on an application for removal under § 6–03–13,

2. The term "State department of banking and financial institutions" is a new name given to the former office of the State Examiner pursuant to Sec. 6–01–01, NDCC. It is under the supervision of the State Banking Board.

"The state department of banking and financial institutions shall be under the supervision of the state banking board and a chief officer designated as the commissioner of banking and financial institu-tions, and known as the state examiner. Whenever the term state examiner is used in this code, it shall mean the commissioner of banking and financial institutions. . . ." Sec. 6–01–01, NDCC.

3. By this observation we do not intend to discourage the practice of giving separate notice by mail because in certain instances it may be necessary to give such notice to avoid a collateral attack on the proceedings.

NDCC, we take cognizance of the provisions of § 28–32–08, NDCC, which sets out the conditions under which notice must be given and to whom.[4]

However, because the Citizens State Bank of Neche also challenged the standing of the Bank of Hamilton, making it necessary for us to resolve the standing of the Bank of Hamilton, it is not essential that we resolve the question of estoppel at this time.

The appearance by the State Banking Board before this court was for a twofold purpose, which suggests a further observation on our part. We recognize a sharp distinction between an administrative agency's appearance to explain or defend its decision and its appearance challenging the standing of those seeking a review of its decision. The former sometimes is unavoidable or even necessary and frequently serves a useful purpose by bringing to the attention of the appellate court some of the expertise and considerations involved in arriving at the decision; whereas the latter is a deliberate effort to prevent a judicial review of the agency's decision.

In *Application of Bank of Rhame*, 231 N.W.2d 801 (N.D.1975), this court held that the decisions and orders of the State Banking Board pursuant to § 6–01–05, NDCC, are appealable and that the State Banking Board is an administrative agency to which the provisions of Chapter 28–32 apply. The court also discussed who had standing to seek such appeal and concluded that "any person who is directly interested in the proceedings before the administrative agency who may be factually aggrieved by the decision of the agency, and who participates in the proceedings before such agency, is a 'party' to any proceedings for the purposes of taking an appeal from the decision." In *Bank of Rhame* the question was whether the bank located in a city into which applicant bank was going to relocate

had standing to appeal the decision of the agency. In this case the factual situation is not quite that clear. Both the Bank of Hamilton and the Citizens State Bank of Neche applied to the Banking Board for permission to relocate to Cavalier. The hearings for the two applications were held in sequence. The decision and order granting the application to relocate, etc., for both banks were dated the same day. Had the State Banking Board granted the application to one bank earlier than to the other bank a different result on a technicality basis could have been reached. However, this did not occur.

We are impressed with that part of Davis' Administrative Law Treatise (1970 supplement) wherein the author discusses the trend in the United States Supreme Court decisions as to the treatment of standing. In § 22.00–4, at page 723, he states that "The law of standing is the wrong tool to accomplish judicial objectives unrelated to the task of deciding whether a particular interest, asserted is deserving of judicial protection." He continues by saying:

"The courts should avoid hypothetical or remote questions—through the law of ripeness, not through the law of standing. The courts should decline to enter political areas—through the law of political questions, not through the law of standing. The courts should limit themselves to issues 'appropriate for judicial determination'—through the law of case or controversy, but not through that part of the law of case or controversy pertaining to standing. The courts should avoid taking over functions of government that are committed to executives or administrators—through the law of scope of review, not through the law of standing. The courts should virtually stay away from some governmental activities, such as foreign affairs and military operations— through the law of unreviewability, not

---

4. In *Bank of Rhame*, 231 N.W.2d 801, we said "once it has been determined that certain acts of the Board come within the pro-

visions of Chapter 28–32, its provisions apply."

through the law of standing. The courts should insist upon competent presentation of cases—through refusals to respond to inadequate presentations, not through the law of standing."

On the question of standing, the Bank of Hamilton at the time of the hearing before the Banking Board had the potential of relocating in Cavalier and being in competition with the Citizens State Bank of Neche. This potential ripened into a reality when the State Banking Board approved the application of the Bank of Hamilton and that of the Citizens State Bank of Neche. Therefore, at the time the decision of the State Banking Board was appealed to the district court the potential had already ripened into a reality, qualifying the Bank of Hamilton as a party claiming to be factually aggrieved, thus meeting the standards and requirements set out in *Bank of Rhame, supra.*

The Bank of Hamilton argues that there was no substantial evidence to support the decision of the State Banking Board that the Citizens State Bank of Neche does not presently have sufficient business for the profitable conduct of the bank at Neche and that there was no substantial evidence to support the Banking Board's decision that the Bank of Neche could reasonably project that there will not be sufficient business for the profitable conduct of the bank at its present location in the future.

Section 6–03–13, NDCC, states, in part: "When a banking association which has not so converted or sold its business is located at a place where there is not, or can reasonably project that there will not be, sufficient business for the profitable conduct of a bank, such association may apply to the state banking board for authority to remove its business to some other place within the state and to change its name if desired, and upon the approval of such application, by the board and the proper amendment of the articles of incorporation, the board may issue authority for such removal and change."

Section 6–03–13, NDCC, was amended in 1969 to allow the State Banking Board to consider future developments in determining whether to grant a bank authority to relocate. S.L.1969, ch. 104, § 1.

"It is readily observed that the statutory provision now is not confined to clearly showing that the banking association is at a place where there is not sufficient business, but also permits the Board to take into account evidence from which it can be reasonably projected whether or not there will be sufficient business for a profitable operation of a bank. But we do not believe that the term 'profit' is limited to a mere addition of funds acquired from business transactions and the deduction of ordinary expenses. We can well appreciate that the term 'profit' has a different meaning from one business to another, and furthermore we recognize that the term 'profit' can mean different things depending on the bookkeeping and accounting methods employed. We are, however, satisfied that the amendments made in 1969 gave the Board greater latitude and will permit the Board to take into account future developments." *Application of Bank of Rhame,* 231 N.W.2d 801, 810–811.

It was the decision of the State Banking Board that there was sufficient evidence presented from which it could be reasonably projected that there would not be sufficient business for the profitable conduct of the bank in the future.

Our scope of review of an administrative agency's decision is pursuant to the provisions of Chapter 28–32, NDCC. This court has set out the standards and scope of review in *Geo. E. Haggart, Inc. v. North Dakota Workmen's Compensation Bureau,* 171 N.W.2d 104 (N.D.1969), and in *Application of Northern States Power Company,* 171 N.W.2d 751 (N.D.1969). In *Haggart, supra,* we said that, as it may relate to the determination of the facts, the Supreme Court is limited to determining whether there is substantial evidence to support the

agency's finding of fact. This was reiterated in *Northern States Power Company, supra*, with the further holding that the Supreme Court must affirm the decision of the agency unless it finds that the decision is not in accordance with law, or that it is in violation of the constitutional rights of the party complaining, or that any provisions of the Administrative Agencies Practice Act have not been complied with in proceedings before the agency, or that rules of procedure of the agency have not afforded the appellant fair hearing, or that the conclusions and decisions were not supported by findings of fact.

We have earlier held that the State Banking Board on matters of the kind before us acts as an administrative agency.

We stated in *The Bank of Hamilton v. The State Banking Board* and *The Bank of Neche,* and *The Bank of Cavalier,* 236 N.W.2d 921 (N.D.1975), that our review of the factual basis of administrative orders is a three-step process: (1) Are the findings of fact supported by substantial evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law?

In *Bank of Rhame, supra,* this court adopted the definition of substantial evidence used by the United States Supreme Court in *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966):

" 'We have defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [Citations omitted.] "[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." [Citations omitted.] This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. [Citations omitted.]' "

The facts in this case show that the town of Neche is located one mile from the Canadian border, which effectively limits the trade area of the bank. The number of businesses in Neche has declined from 25 in the mid-50's to 10 at the present time. The population has also declined over the past several years. Surveys conducted by the bank showed that 97.7% of the potential customers within a 6-mile radius of the bank did their banking with the Citizens State Bank of Neche. The conclusion drawn from this is that the bank will not be able to increase its business from within this 6-mile radius, and that if present trends continue it will be losing business in this area. Any growth of the bank's business has come from customers outside of the immediate area. The growth rate of Cavalier has been increasing and is expected to increase even more. A survey conducted by the bank showed that most of its customers handled their business and did their shopping in Cavalier. The exhibits presented at the hearing show that the bank's business is becoming more and more dependent upon loans and deposits from persons residing outside of the immediate area of its banking house.

The exhibits presented at the hearing show that from 1970 through 1973 the rate of return on assets and the rate of return on equity capital for the Citizens State Bank of Neche has not kept pace with that of other banks in Pembina County or in North Dakota on the whole. The net income trend for the Citizens State Bank of Neche has also been below that of other banks in Pembina County.

Continued growth by the bank through gaining new customers outside its immediate area is doubtful. The bank will have to increase its operating expenses to attract new customers from farther away. It is unlikely that customers will want to travel to the bank's present inconvenient location. The exhibits show that the bank is not keeping up with neighboring banks now.

Taking all of these facts into account, the State Banking Board held that the Citizens State Bank of Neche could reasonably project that there would not be sufficient business for it in the future and granted its application for removal.

We conclude that the findings of fact of the State Banking Board are supported by substantial evidence, that the conclusions of law of the Board are in accordance with law, and that the decision of the State Banking Board is supported by the findings of fact and conclusions of law.

We reverse that part of the district court judgment declaring that the Bank of Hamilton had no standing to appeal, and affirm that part of the judgment affirming the decision of the State Banking Board, and direct entry of judgment affirming the decision of the State Banking Board.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.