239 N.W.2d 830 (1976)
Melvin KRISTJANSON et al., Petitioners and Appellants,
v.
STATE COMMITTEE FOR REORGANIZATION OF SCHOOL DISTRICTS et al., Respondents and Appellees.
Civ. No. 9174.
Supreme Court of North Dakota.
March 12, 1976.
Rehearing Denied April 5, 1976.
*831 Schuster, Ramlo & McGuire, Fargo, for petitioners and appellants; argued by Robert A. Ramlo, Fargo.
Gerald W. Vande Walle, Chief Deputy Atty. Gen., Bismarck, for respondents and appellees; argued by Gerald W. Vande Walle, Bismarck.
Robert L. Burke, Grafton, for Edinburg Public School Dist.
PEDERSON, Judge.
This is an appeal from a judgment of the district court of Pembina County affirming a determination by the State Board of Public School Education, functioning as the State Committee for Reorganization of Public School Districts (§ 15-53.1-10, NDCC). The appellants are electors of *832 Thingvalla Township in Pembina County, who petitioned to have 20.94 sections of land in Edinburg School District No. 106 detached therefrom and annexed to Cavalier School District No. 6. The petition, which is not a part of the record before us, was presented to the County Committee for Reorganization of Public School Districts in Pembina, Walsh and Cavalier Counties.
After a hearing, the petition was approved by the county committee of Pembina County, apparently without making findings, and denied by the Walsh and Cavalier county committees. The petition was then forwarded to the State Committee for Reorganization of School Districts for its consideration. After some preliminaries, with which we are not now concerned, the State Committee conducted a recorded public hearing, following the requirements of the Administrative Agencies Practice Act (Chapter 28-32, NDCC) relating to hearing procedures.
The petitioners were allowed to introduce evidence in support of the proposal, including testimony as to value and amount of school property and indebtedness, and on the subject of a comprehensive program. Unfortunately, it appears that the motives of the proponents and of the opponents overshadowed the real purpose of the hearing. The unhappiness of the petitioners with the management of the Edinburg School District was clearly displayed and we note that the same unhappiness by some of the same people was reflected in a previous case heard by this courtHalldorson v. State School Const. Fund, 224 N.W.2d 814 (N.D.1974).
Our examination of the statutes indicates that Sections 15-53.1-05, 15-53.1-05.1, 15-53.1-06, and 15-53.1-29, NDCC, in a rather confused manner, specify the rules and issues applicable when someone proposes to change the boundaries of school districts. Especially do we find confusion when three county committees are involved, such as we have here.
It appears that if two-thirds of the electors in an area (which is contiguous as defined in § 15-53.1-05) desire to have their area detached from one school district and attached to another, they may petition or apply therefor to the county committee. If school districts in more than one county are involved, the county committees of all counties affected must be petitioned (§ 15-53.1-06, NDCC Supp.).
The county committee performs the function of determining the adequacy of the petition and, if it finds it adequate, it conducts a hearing at which it receives testimony for the purposes of (1) determining the value and amount of school property and indebtedness of each school district affected; (2) providing the basis for making an equitable adjustment of all property, assets, debts, and liabilities among the districts involved (including making tax levies which will equalize the several interests fairly); and (3) determining whether the proposal is an acceptable part of a comprehensive program for the reorganization of the school districts in the county (§§ 15-53.1-05, 15-53.1-05.1, 15-53.1-06, and 15-53.1-29, NDCC).
Any proposal that is approved by any county committee, which would alter the boundaries of established school districts, must be submitted to the State Committee for final approval. Even though other county committees may have rejected a proposal, the final approval by the State Committee constitutes approval for county committees that have disapproved (§ 15-53.1-06, NDCC).
If a proposal involves boundary changes, the county committee that approves the proposal is required to make findings that the requirements of § 15-53.1-05.1, NDCC, have been met. No one has challenged the absence of such finding by the county committee in this case.
When the proposal reaches the State Committee the same statutes, ambiguous as they are, govern the procedures and functions before the State Committee, with the *833 additional factor in § 15-53.1-06 that appeals may be taken from the decision of the State Committee to the district court "* * * in accordance with applicable provisions of chapter 28-32."
The State Committee, in this case, having heard all of the evidence offered by the petitioners, made detailed findings and conclusions and entered an order denying the petition. One of the findings by the State Committee stated:
"That there are some parents in the area who do not wish to have their children attend the Cavalier School, thus going to Cavalier would be attending against the wishes of the parents."
The evidence supporting this finding primarily involved affidavits, some of which were offered into evidence by petitioners and which petitioners now claim denied them a fair hearing. Even though the district court found that no appeal had been taken from the State Committee's order, the matter appeared on the court's calendar and was treated by all as if a proper appeal had been taken.
The trial court considered the matter within the scope of review outlined in § 28-32-19, NDCC, and affirmed the order of the State Committee.
Recently we said that our scope of review of administrative agency decisions, as it relates to determinations of fact, is limited to determining whether there is substantial evidence to support the agency's findings of fact. See Citizens State Bank of Neche v. Bank of Hamilton, 238 N.W.2d 655 (N.D.1976); Application of Northern States Power Company, 171 N.W.2d 751 (N.D.1969); and Geo. E. Haggart, Inc. v. North Dakota Work. Comp. Bur., 171 N.W.2d 104 (N.D.1969).
Appellants here raise no issue which relates to the determination of facts, but argue primarily that they were denied a fair hearing because of the affidavits which became evidence without any opportunity to cross-examine.
Under the statutes applicable, the finding by the State Committee as to the wishes of some parents is not a controlling issue in these proceedings. There is competent evidence supporting this finding, but even if it were wholly unsupported by competent evidence, no prejudice would result. All controlling questions were covered by findings of fact which were supported by substantial evidence.
Although it may appear to be desirable that the State Committee should weigh the wishes of the parents, residents, electors, or landowners on questions of school district boundary changes, the Legislature has not so provided. We affirm the judgment of the district court dismissing the appeal of the petitioners.
ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.