311 N.W.2d 167 (1981)
In the Matter of the Appeal From an Order of the State Board of Public School Education of the State of North Dakota Approving a Petition for Annexation of a Part of Killdeer Public School District No. 16, McKenzie and Dunn Counties, to McKenzie County Public School District No. 1, McKenzie County, North Dakota.
McKENZIE COUNTY SCHOOL DISTRICT NO. 1, Plaintiff and Appellant,
v.
STATE BOARD OF PUBLIC SCHOOL EDUCATION of the State of North Dakota, Allen I. Olson, Attorney General of the State of North Dakota, and Killdeer Public School District No. 16, Defendants and Appellees.
Civ. No. 10016.
Supreme Court of North Dakota.
October 15, 1981.
*168 Gierke Law Office, Watford City, for plaintiff and appellant; argued by Kent M. Morrow, Watford City.
Rick D. Johnson, Asst. Atty. Gen., Bismarck, argued, for defendants and appellees.
ERICKSTAD, Chief Justice.
This is an appeal from a judgment of the District Court of McKenzie County affirming an order of the State Board of Public School Education (functioning as the State Committee for Reorganization of Public School Districts under Section 15-53.1-10, N.D.C.C.) approving the annexation of certain lands to McKenzie Public School District No. 1. We reverse.
On November 27, 1979, a petition was filed, under Article II of Chapter 15-53.1, N.D.C.C., with the McKenzie and Dunn County Committees for the Reorganization of Public School Districts requesting the annexation of 640 acres of land located within the Dunn County Killdeer Public School District No. 16 (Killdeer) to McKenzie County School District No. 1 (McKenzie). The 640 acres lie within Dunn County as part of the Killdeer school district. Because the land lies north of the Little Missouri River, it is more accessible to the school at Watford City, which is part of the McKenzie school district, than to any school within the Killdeer school district. Consequently, prior to the annexation students residing on the land attended school at Watford City for which Killdeer made tuition payments to McKenzie.
On December 20, 1979, the county committees held a public hearing, pursuant to Section 15-53.1-06, N.D.C.C., to consider the petition, after which the McKenzie County Committee voted to disapprove and the Dunn County Committee voted to approve the petition. Thereafter, with regard to the division of assets and liabilities, a motion was approved to the effect that all assets and liabilities of Killdeer would remain with Killdeer and all assets and liabilities of McKenzie would be assumed by the annexed territory.
The petition was then submitted for approval or disapproval to the State Committee for Reorganization of Public School Districts as required by Sections 15-53.1-06 and 15-53.1-29, N.D.C.C. Upon considering the petition at its meeting of January 22, 1980, the State Committee issued an order, dated February 19, 1980, approving the annexation. *169 McKenzie appealed to the District Court of McKenzie County, under Section 15-53.1-06, N.D.C.C., and on March 25, 1981, the district court entered an order affirming the State Committee's decision.
On appeal McKenzie asserts that the State Committee's determination is in violation of Section 15-53.1-06, N.D.C.C., which requires "an equitable adjustment of all property, assets, debts, and liabilities among the districts involved; ..." In support of this assertion, McKenzie contends that no consideration was given to the fact that McKenzie will realize only $183.31 in tax revenue from the annexed land while losing $2,275 each year in tuition payments from Killdeer.
Pursuant to Section 28-32-19, N.D.C.C., of the Administrative Agencies Practice Act, this Court will set aside an agency decision if it finds that:
"1. The decision or determination is not in accordance with the law."
With regard to the annexation of public school districts, the law provides, in relevant part, through Sections 15-53.1-05 and 15-53.1-29, N.D.C.C.:
"15-53.1-05. Attachment of contiguous territory to school district Petition.Territory contiguous to a public school district, whether in the same county or in another, may be attached to such school district by the county committee upon written application signed by two-thirds of the electors in the contiguous territory after hearing and subject to the provisions of section 15-53.1-29. . . ."
"15-53.1-29. Voluntary proposals for organization or alteration of school districts.
* * * * * *
Such proposals shall be approved by the county committee and approved by the state committee if in the judgment of said committees they constitute an acceptable part of a comprehensive program for the reorganization of the school districts of the county."
We construe the foregoing provisions to require, as a prerequisite to approval by either the county committees or by the State Committee, that the annexation proposal constitutes an acceptable part of a comprehensive program for the reorganization of the school districts involved. See, Kristjanson v. State Committee, Etc., 239 N.W.2d 830 (N.D.1976).
Section 15-53.1-17, N.D.C.C., requires the county committees to prepare and submit to the State Committee a comprehensive plan for the reorganization of school districts within their counties. Section 15-53.1-14, N.D.C.C., states the considerations which must be taken into account by the county committees in preparing such plans:
"15-53.1-14. Comprehensive study of county made by county committeeConsiderations.
* * * * * *
The committee shall also give due consideration in the preparation of a plan for the reorganization of school districts to the educational needs of local communities; to economies in transportation and administration; to the future use of existing satisfactory school buildings, sites, and playfields; to a reduction in disparities in per-pupil valuation among school districts; to the equalization of the educational opportunities of pupils; and to any other relevant matters which in its judgment are of importance."
Section 15-53.1-29, N.D.C.C., by requiring the county committees and the State Committee to determine whether an annexation proposal constitutes an acceptable part of a comprehensive program for the reorganization of the school districts involved, has the effect of incorporating the foregoing considerations into the committees' annexation decisions.
In the instant case, the State Committee has made no determination with regard to whether or not the proposal for annexation constitutes an acceptable part of a comprehensive program for reorganization *170 of the school districts.[1] Nor is there any indication in the record before us that the State Committee considered any comprehensive reorganization plan as it would relate to the proposed annexation. We conclude, therefore, that the decision of the State Committee does not comply with the requirements of Section 15-53.1-29, N.D. C.C. In view of our conclusion that the State Committee's decision must be set aside because it is not in accordance with the law, it is unnecessary for us to determine whether or not there was an equitable adjustment of the property, assets, debts, and liabilities involved.
In accordance with this opinion, the judgment of the district court affirming the order of the State Committee is hereby reversed.
VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.
NOTES
[1] In its order approving the annexation, the State Committee made only the following relevant findings of fact:

"That subsequent to said hearing before the State Board of Public School Education the following findings were made regarding the merits of the petition for annexation from the Killdeer Public School District No. 16 to the McKenzie Public School District No. 1:
(1) That the proposed annexation would provide accessibility of education to students involved.
(2) That terrain and distance make it virtually impossible for students in the proposed area to attend Killdeer Schools."