AMERICAN SODA FOUNTAIN COMPANY, A CORPORATION, V. GEORGE M. HOGUE.

Opinion filed April 22, 1908.

**Actions — Bills and Notes — Party in Interest.**

1. The holder of a promissory note, payable to another or order, and unindorsed, is the real party in interest within the meaning of section 6807, Rev. Codes 1905, and may sue thereon where the consideration for the note passed solely between the holder and the maker, and the note was given to another person solely for the benefit of the present holder.

**Evidence — Conclusion of Witness.**

2. Permitting a witness to answer the following question under objection, viz.: "Did you ever get a soda fountain from the American Soda Fountain Company?" was erroneous, as calling for the conclusion of the witness on a matter within the province of the court or jury.

**Appeal — Review — Question Not Raised Below.**

3. Whether a formal verdict in writing should be required where a verdict is directed not decided, as the question was not raised at the trial.

Appeal from District Court, Kidder County; *Winchester, J.*

Action by the American Soda Fountain Company against George M. Hogue. Judgment for defendant and plaintiff appeals.

Reversed and remanded.

*Newton & Dullam,* for appellant.

One entitled to the avails of a suit is the real party in interest. Cassidy v. First National Bank, 14 N. W. 363; Pease v. Rush, 2 Minn. 107; Foster v. Berky, 8 Minn. 351; White v. Phelps, 14 Minn. 27; Hoagland v. Van Etten, 35 N. W. 869; Kinsella v. Sharp, 66 N. W. 634; Hogan v. Klabo, 13 N. D. 319, 100 N. W. 847.

That plaintiff is not party in interest must be taken by answer. Spooner v. Delaware, 21 N. E. 696; Smith v. Hall, 67 N. Y. 48.

It must also show a good defense against the real party. Price v. Dunlap, 5 Cal. 483; Gushee v. Leavitt, 5 Cal. 160; Hutchinson v. Crane, 100 Ill. 269; Farewell v. Tyler, 5 Iowa, 535; Burnett v. Costello, 87 N. W. 575.

Such defense only calls for real party to be brought in. McCane v. William, 37 Ill. App. 591; Van Buskirk v. Levy, 3 Metc. 133.

Possession of notes is prima facie evidence of ownership. Brynjolfson v. Osthus, 12 N. W. 42, 96 N. W. 261; 3 Elliott on Evidence, section 1824; Pomeroy Code Remedies, page 154, section 128.

Conclusions of witnesses are excluded as evidence. Bradner on Evidence, page 359; 1 Elliott on Evidence, section 672; Smith v. N. P. Ry. Co., 3 N. D. 555, 58 N. W. 345; Davis v. Hamilton, 92 N. W. 512.

*Mockler & Johnson,* for respondent.

Complaint must state ownership of note and how, when and where acquired. Topping v. Clay, 63 N. W. 1038; Mechanics' Bank v. Donnell, 35 Mo. 373; Montague v. Reineger, 11 Iowa, 503; Eikenbary v. Clifford, 52 N. W. 377; Parke v. Kleeber, 37 Pa. St. 257; Andrew v. Bond, 16 Barb. 633; Gallup v. Lichter, 35 Pac. 985; Altman v. Fowler, 37 N. W. 708; 4 Cyc. 104.

Assignment of contract must be alleged and proven. Cilley v. Patten, 25 N. W. 326; Haveron v. Anderson, 58 N. W. 340.

MORGAN, C. J. This is an action in claim and delivery under which the possession of a soda fountain and attachments is claimed. The plaintiff claims in its complaint to be the owner thereof. The fountain and fixtures were sold to the defendant by one Putnam, who was the agent of the plaintiff. The written contract or order for the property was in the name of one Tufts, and each of the 33 notes was given to said Tufts as payee, and the name of the plaintiff is not given or mentioned in any of the papers as originally executed. The defendant gave said Tufts 33 promissory notes on the sale, and they and the contract provided that the title to all the property should remain in Tufts until full payment of the purchase price, and these notes and the contract gave him the right to take possession of the property on default in the payment of any of the notes. The answer was a general denial. A jury was impaneled, and at the close of plaintiff's testimony the court directed a verdict for the defendant. A motion for a new trial was made, based on a notice of intention to move for a new trial and a settled statement of the case, and denied. From the order denying a new trial, the plaintiff has appealed.

The error principally relied on for a reversal of the order is the direction of a verdict for the defendant. The ground urged before

the trial court on the motion for a directed verdict was that the action was not prosecuted in the name of the real party in interest. It was, and now is, the contention of the defendant that Tufts, to whom the order and notes are given according to their terms, is the real party in interest, and the only party entitled to bring the action until properly assigned or. the contract reformed. The complaint alleges unqualifiedly that the plaintiff is the owner of the property. The evidence shows that the contract with the defendant was entered into by one Putnam as agent for the plaintiff; that the plaintiff is now the owner of the notes, and entitled to the possession of the soda fountain and fixtures; that the contract and notes were made with the name of said Tufts as payee with the consent of Tufts, and for plaintiff's benefit and use; that the plaintiff was authorized by Tufts to do business in his name, and that the property involved in this suit was sold as plaintiff's property, but in Tuft's name, as plaintiff was authorized to do; that the original order was taken for the plaintiff, and mailed to it at its principal office, and there accepted by it; that said Tufts formerly was in business in his own name, and became one of the incorporators of the plaintiff company when it was organized; and that the plaintiff succeeded to his business when it was. incorporated. This evidence clearly shows that the plaintiff was the owner of the notes, and had been such owner ever since their execution and delivery. It also shows that the contract was made exclusively for its benefit, and that it is entitled to the property under the conditions expressed in the same. The statute provides that all actions shall be brought in the name of the real parties in interest, except as therein provided. Section 6807, Revised Codes 1905. The plaintiff was clearly entitled to bring this action under said section. It was the owner of the notes and contract which are the basis of defendant's forfeiture of the right to the possession of the property if payment is not made when due. Under this evidence, the plaintiff was unqualifiedly the real and only party in, interest. The mere fact that the notes were made to Tufts imports nothing under this evidence, as the actual owner may bring an action thereon. They were brought into court by the plaintiff, and have always been rightfully in its possession. The contract was made for the plaintiff's sole benefit, and it was the owner of the notes, and was as much entitled to the benefit of the contract as though expressly drawn and written in its name. The object of the statute is to give the

beneficial owners the right to sue in their own right without regard to the technical title as shown by the contract. The case relied upon by respondent—Montague v. Reineger, 11 Iowa, 503—is not in point, as the complaint in that case did not show ownership or title in the plaintiff; the question having been raised on demurrer. In this case the evidence fully explains why notes were drawn to another, and, if this evidence had been objected to, it would have been admissible as showing plaintiff's right to sue thereon. We have examined the other cases cited by the respondent, but they do not controvert the principle that a person may maintain an action for possession of personal property owned by him, although the notes on which the recovery is based show the legal title to be held by another, where the ownership is shown to be in the plaintiff as a matter of fact. In Pomeroy's Remedies and Remedial Rights, section 128, the general principle is stated as follows: "On the one side it has been urged that the language of the section in all the state codes is most general and comprehensive, containing no exceptions in terms or by implication, and that it is in the highest degree imperative that the action must be prosecuted in the name of the real party in interest, except in the single case of a trustee of an express trust, and that the real party in interest is the person for whose immediate benefit the action is prosecuted, who controls the recovery, and not the person in whom the mere naked apparent legal title is vested." See, also, Pomeroy on Code Remedies, section 140; 15 En. Pl. & Pr. p. 710, and cases cited; Stewart v. Price, 64 Kan. 191, 67 Pac. 553, 64 L. R. A. 581, and note; Bliss on Code Pleading (3d Ed.) section 45; Cassidy v. First Nat. Bank, 30 Minn. 86, 14 N. W. 363; Kinsella v. Sharp, 47 Neb. 664, 66 N. W. 634.

It is unnecessary to pass upon the question argued by the appellant that the objection cannot be raised on a motion for a directed verdict, but should have been raised by special demurrer by answer. This question was objected to as calling for a conclusion of the witness: "Did you ever get a soda fountain from the American Soda Fountain Company?" The objection was overruled. We think the objection should have been sustained. The answer called for the witness' conclusion as to whether the agent Putnam was plaintiff's agent or Tuft's agent, which is a question of law if the facts are undisputed, and a question for the jury under proper instructions if the facts are in dispute. The fact that Tufts

has never made any demand for the property was shown under objection. That fact was utterly immaterial under the issues in the case. Whether its admission would constitute prejudicial error we need not determine, in view of the fact that a new trial becomes necessary on another ground.

It is claimed that no verdict was rendered by the jury, and that that omission is ground for a new trial. The trial court granted the motion to direct a verdict and to dismiss the action, but the record is silent as to whether a verdict was called for or returned by the jury. The record does not affirmatively show that no verdict was returned, and no objection was made at the time based on the fact that the jury should be required to return a formal verdict at the direction of the court. The omission was first called to the court's attention on a motion for a new trial. We think the objection comes too late. Conceding, without deciding, that the statutory requirement that verdict shall be returned in writing is mandatory, no possible prejudice could result to the plaintiff by the omission, and we are not inclined to consider an objection so technical until it is properly raised. No cases are cited by the appellant, but it has been decided that the better practice is to have formal verdicts in writing returned in such cases, but that the omission is not fatal to the proceedings, nor prejudicially erroneous. Moore et al. v. Petty et al., 135 Fed. 668, 68 C. C. A. 306; Cahill v. Ry. Co., 74 Fed. 285, 20 C. C. A. 184.

For the error in directing a verdict for the defendant, the order is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.

(116 N. W. 339.)

Note.—As to who is real party in interest within meaning of statutes defining parties by whom action must be brought, see note to Stewart v. Price, (Kan.) 64 L. R. A. 581.