[File No. 7162]

N. O. FROLING, Respondent, v. FELIX FARRAR, Appellant.

(44 NW2d 763)

Opinion filed Nov. 24, 1950

*Lanier & Lanier,* for appellant.

*Paul G. Thonn* and *Stiening, Olson & Thysell,* for respondent.

NEUSSLE, Ch. J. The plaintiff, N. O. Froling, brought this action in the county court of Cass County against the defendant, Felix Farrar, to recover on an account for goods, wares, and merchandise sold and delivered, and for labor performed, "duly assigned to the Plaintiff." The summons and complaint were filed in the office of the clerk of court December 29, 1948, together with the affidavit of Roy G. Froling, the husband of the plaintiff, stating that on the 9th day of December, he served the summons therein on the defendant by leaving a copy thereof at the defendant's dwelling house in the presence of the latter's wife. The summons recited that the complaint "is or will be filed in the office of the Clerk of Court, in and for the County of Cass."

No answer was served and on January 5, 1949, proof of default was made and judgment was ordered and entered by the court in favor of the plaintiff for the relief as prayed.

Thereafter the defendant served notice that on the 28th day of February, 1949, he would move the court to vacate the judgment entered on the ground that the court had no jurisdiction to hear the cause and enter judgment therein for the reason that

no service of the summons had been made upon the defendant; that such service, if any, was made by Roy G. Froling, the husband of the plaintiff; that Roy G. Froling was a real party in interest; that therefore the service was made contrary to the provisions of Section 28–0619 NDRC 1943; that the defendant had a bona fide defense to the cause of action on which the recovery was had. This motion was supported by the affidavit of the defendant setting forth he had never been served with the summons and complaint; that he had no knowledge prior to the entry of judgment that such summons and complaint had been issued; that he had a full and complete defense in that he did not owe the alleged account. The motion was further supported by the affidavit of Esther Farrar that she had no recollection of any summons having been left with her or of ever having seen or met the said Roy G. Froling; that she never discussed the matter with her husband, the defendant, or in any manner informed him that a summons and complaint had been left with her.

At no time did the defendant appear specially to object to the jurisdiction of the court. But on the contrary, on February 25, counsel for the defendant served an answer to the complaint denying the allegations in said complaint contained and praying that the action be dismissed. Thereafter Roy G. Froling made and served his affidavit taking issue with the matters and things set out in the affidavits of the defendant and Esther Farrar, and in that behalf he alleged that on the 9th day of December, he went to the place of residence of the defendant, was admitted, saw Mrs. Farrar, the wife of the defendant who was there ill, and delivered to her the summons as set out in his affidavit of service.

Thereafter the motion came on to be heard. In addition to the showing made as stated above, and at the instance of the defendant, the testimony of Roy G. Froling was taken. He testified that his wife and he operated a general collection business; that they were mutually interested financially in any collection matters they had; that any profit that might result from the instant suit against the defendant would be his and his wife's.

The court found the facts to be substantially in accord with Froling's testimony and the statements set forth in his affidavit, but denied the motion holding: "Section 28–0619 of the North Dakota Code provides that the Summons may be served by the Sheriff of the county where the person to be served may be found, or by any other person not a party to the action. The question here is whether Roy G. Froling under the circumstances in the case, could be considered to be a party to the action.

"In a South Dakota case the Court stated: 'The word "party" was evidently used in this section by the law making power in its technical sense, and a person, therefore, not strictly a party to the record, is competent to serve a summons in a civil action.' In the case before us, Roy G. Froling is not technically a party to the action. To say that he is a party in this action would require reading something into the statute which is not there. And since he is not a party to the action in the technical sense, even though he was financially interested in the plaintiff's cause of action, there is nothing in the statute that would make it illegal for him to make the service. I do not consider it good practice for a person who has a financial interest in the case to serve the Summons and Complaint. But in the strictly technical sense, I believe it is legal for him to do so; and the Defendant's Motion will therefore have to be denied." Whereupon defendant perfected the instant appeal.

In the instant case the record establishes that the plaintiff, N. O. Froling and Roy G. Froling, her husband, were jointly conducting a collection agency; that they were mutually interested in the profits arising from this enterprise and would share in any benefits or fruits that might result from the suit brought on the account in the instant case. The account in question was assigned to N. O. Froling. The inference is clear that while the assignment was taken in the name of N. O. Froling, it was thus taken for the collection agency—that is, N. O. Froling and Roy G. Froling. "A real party in interest . . . is one who has a real, actual, material, or substantial interest in the subject matter of an action, as distinguished from one who has only a nominal, formal, or technical interest in, or connec-

tion with, the action. The determination of the question of who is the real party in interest in a suit is made with respect not merely to the name in which the action is brought, but to the facts as they appear of record." 67 C. J. S., Parties, Section 10, Page 911 et seq. And see also American Soda Fountain Co. v. Hogue, 17 ND 375, 116 NW 339, 17 LRA NS 1113. Accordingly, though Roy G. Froling was not named as a party, he was in fact a real party in interest in the suit brought on the account. He had a substantial interest in the subject of the action and in obtaining the relief demanded, and might properly have been joined as a party plaintiff pursuant to Section 28–0205 RCND 1943 providing: "All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs." First National Bank v. Hummel, 14 Colo 259, 23 Pac 986, 8 LRA 788, 20 Am St R 257; Pomeroy's Code Remedies, Section 199; 39 Am Jur, Parties, Section 31, Page 895.

Section 28–0619 provides that: "The summons may be served by the sheriff of the county where the person to be served may be found, or by any other person not a party to the action." The trial court held that the word "party" as used in this statute was used in its technical sense and therefore one not strictly a party to the record is competent to serve the summons in a civil action. We do not so construe the statute. To do so is to hold contrary to the general principle of the law that a person may not execute process in his own favor, and the reasons on which that principle is grounded. See 42 Am Jur, Process, Section 25, Page 25 et seq., where it is said: "as a general rule, the law does not authorize a person to execute process in his own favor. To permit such a course of practice would lead to great oppression, wrong, and irregularity. The law has wisely intrusted the decision of disputes between citizens to persons wholly disinterested and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes." See also 50 C. J., Process, Section 67, Page 473, where the text reads:

"It is a general principle of law that a person cannot serve process in his own action;" Among the cases cited as supporting this statement is People v. Feicke, 252 Ill 414, 96 NE 1052, where the court says: "The law is well established that a party to a suit cannot serve his own writ. . . . The reason for this rule is, that the party serving process should be a wholly disinterested person. . . . If such a practice were sanctioned there would be great danger of abuse and inducement to the person making the service to make a false return, and thereby put himself in a position to obtain judgment by default or some other undue advantage over the opposite party, who would perhaps not know anything of the proceeding until after judgment had been rendered against him. The courts have therefore generally adhered, with great propriety and justice, to the rule that in no case can a person be both officer and party in the same proceeding."

The record establishes that Roy G. Froling had such an interest in the action that he might properly have been joined as a party plaintiff. Had this been done, there is no question but that he could not have made service of the summons. The fact that he was not named as a party plaintiff did not at all diminish his interest in the action. To construe Section 28-0619 as did the trial court would defeat the evident purpose and policy of the rule that a person cannot serve papers in his own action and make it possible for a real party in interest, by subterfuge, to do what the statute seeks to prevent. The trial judge was himself of this opinion, for he says in his memorandum that: "I do not consider it good practice for a person who has a financial interest in the case to serve the Summons and Complaint."

The plaintiff cites and relies on the case of Plano Manufacturing Co. v. Murphy, 16 SD 380, 92 NW 1072, 102 Am St R 692. But that case is clearly distinguishable on its facts from the instant case. There the service challenged and held good was made by a collecting agent who was neither a party in interest nor a technical party to the action.

Accordingly we hold that in the instant case the service made by Roy G. Froling was at least voidable and the judgment there-

fore was subject to vacation, if timely attacked. See 42 Am Jur, Process, Section 34, Page 31. It follows that the order denying the motion to vacate must be reversed.

When the defendant made his motion to vacate the judgment, he did not appear specially and object to the jurisdiction of the court. But on the contrary, prior to the date when the motion was noticed to be heard, he served an answer to the plaintiff's complaint denying generally the matters and things therein set out and demanded judgment of dismissal. By so doing, even if the service were so defective as to be void, or even if there had been no service at all, he, having failed to appear specially and object to the jurisdiction of the court, conferred jurisdiction. Therefore on the vacation of the judgment the case must be disposed of on the issues as framed by the pleadings. See Yorke v. Yorke, 3 ND 343, 55 NW 1095; Simensen v. Simensen, 13 ND 305, 100 NW 708; Dallas v. Luster, 27 ND 450, 147 NW 95; Baird v. Ellison, 70 ND 261, 293 NW 794.

The order appealed from is reversed and the case remanded for further proceedings consistent with this opinion.

MORRIS, BURKE, CHRISTIANSON and GRIMSON, JJ., concur.