G. R. VAN SICKLE, Plaintiff and Appellant,

v.

Alexander McARTHUR and Mary McArthur, Defendants and Respondents.

No. 7880.

Supreme Court of North Dakota.

August 9, 1961.

Duffy & Haugland, Devils Lake, for plaintiff and appellant.

Erickstad & Foughty, Devils Lake, for defendants and respondents.

BURKE, Judge.

This is an appeal from an order vacating a default judgment in an action upon a promissory note. The note, payable to the order of the Cavalier County National Bank of Langdon, was allegedly executed by the defendants, Alexander and Mary McArthur, on March 1, 1923. It was in the sum of $3,000 and was payable on December 1, 1923. When the bank failed, this note became one of the assets in the hands of a national bank receiver and it, together with other assets of about two-hundred thousand dollars face value, was sold at receiver's sale to G. R. Van Sickle on August 26, 1930. Some time thereafter,

a substantial part of these assets, including the McArthur note, were turned over to C. Torgerson for collection with the understanding and agreement that Torgerson was to receive 50 per cent of all sums collected.

On February 15, 1941, judgment was entered by default in an action upon the McArthur note. The record in the case contains an affidavit of service, executed by C. Torgerson, in which he states that he served the summons and complaint upon Alexander McArthur and Mary McArthur at their farm home in the vicinity of Clyde, N. D. on October 25, 1935. This judgment was renewed by affidavit in 1951 and was thereafter assigned to Ross Van Sickle. Although there is some evidence that an attempt was made to negotiate a settlement with Alexander McArthur, no attempt was made to enforce the judgment by execution and levy until 1959, sometime after the death of Alexander McArthur.

The motion to vacate the judgment is upon the grounds; (1) that no service of the summons and complaint in the action was made upon either of the parties, defendant; and (2), that if service was made as alleged in the affidavit of service, such service was void because it was made by a person who had an interest in the action to the extent of 50 per cent of the proceeds of any judgment that might be entered therein.

Upon the first ground set forth in the motion there was a direct conflict in the testimony. Mary McArthur testified that the summons and complaint had never been served upon her or her husband, Alexander McArthur. Torgerson testified positively as to the service. The trial judge did not resolve this conflict but held that, if the service had been made as alleged, it was void, because of the interest of the person who attempted to make the service.

Section 7395 C.L.1913, which was the law in force at the time service was made reads as follows:

"Every action must be prosecuted in the name of the real party in interest except as otherwise provided in section 7397."

Section 7413 C.L.1913 reads:

"Any person may before the trial intervene in an action or proceeding, who has an interest in the matter in litigation in the success of either party, or an interest against both. * * *."

Section 7427 C.L.1913 was as follows:

"The summons may be served by the sheriff of the county where the defendant may be found, or by any other person not a party to the action. * * *"

G. R. Van Sickle, the plaintiff in this action, delivered the note upon which suit was later instituted, to C. Torgerson under an agreement that Torgerson was to have 50 per cent of the proceeds of any collection made. While the record does not spell out all of the details of the agreement, we think it may be inferred that Torgerson had full authority to make any compromise that might seem reasonable to him, or to institute suit upon the note if he deemd it advisable. Such a suit was instituted by Torgerson.

Torgerson in his testimony, upon this motion, denied having any interest in the note itself or any interest in the judgment obtained in the suit upon the note. He carefully distinguished between the note and the judgment on the one hand and the cash proceeds of the note and judgment on the other. He, although not an expert in any sense, testified that his interest would not vest until a collection had been made, and that therefore he had no interest in the subject matter of the action. This court does not agree with Mr. Torgerson's conclusion of law. It may well be that the technical legal title to the note and judgment remained in Mr. Van Sickle, but that fact did not prevent Torgerson from having an interest therein or from being a party in interest to the suit on the note. In American Soda Fountain Co. v. Hogue, 17 N.D. 375, 116 N.W. 339, 340, 17 L.R.A.,

N.S., 1113, quoting Pomeroy's Remedies and Remedial Rights, Section 128, we said:

"* * * the real party in interest is the person for whose immediate benefit the action is prosecuted, who controls the recovery, and not the person in whom the mere naked apparent legal title is vested."

In Froling v. Farrar, 77 N.D. 639, 44 N.W.2d 763, 765 we said:

"A real party in interest * * * is one who has a real, actual, material, or substantial interest in the subject matter of the action * * *."

This action was prosecuted for the benefit of both Van Sickle and Torgerson. Jointly they would control any recovery in the action. And certainly one who will share to the extent of 50 per cent in the proceeds of a judgment entered in an action, has an actual and substantial interest in the subject matter of the action. It follows that both Van Sickle and Torgerson were real parties in interest and therefore that Torgerson would have been a proper party plaintiff.

■ Section 7427 C.L.1913, prohibited service of process by a party to an action. The appellant argues that the word "party" as used in this section should be construed to include only named parties and cites Plano Mfg. Co. v. Murphy, 16 S.D. 380, 92 N.W. 1072, 102 Am.St.Rep. 692, in support of his contention. In Froling v. Farrar, 77 N.D. 639, 44 N.W.2d 763, however, this court refused to follow this rule of strict construction. We quoted with approval from 42 Am.Jur. Process, Section 25, Page 25 et seq. as follows:

"* * * as a general rule, the law does not authorize a person to execute process in his own favor. To permit such a course of practice would lead to great oppression, wrong, and irregularity. The law has wisely intrusted the decision of disputes between citizens to persons wholly disinterested and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes."

In the above cited case we held that the word "party" as used in Section 7427 C.L. 1913, included, not only the named parties, but any person who had such an interest in the action that he might properly have been joined as a party plaintiff.

Since, in the instant case, Torgerson's interest was such that he would have been a proper party plaintiff, he was not qualified to serve the summons in the action. The decision of the trial court is therefore affirmed.

SATHRE, C. J., and TEIGEN, STRUTZ and MORRIS, JJ., concur.