In the Matter of the ESTATE of Marius HONERUD, Deceased.

Civ. No. 9721.

Supreme Court of North Dakota.

Feb. 14, 1980.

Conmy, Feste & Bossart, Fargo, for appellees Adeline Sanford and Hermoine Hammargren; argued by Charles A. Feste, Fargo.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for appellant Kenneth Sanden; argued by Richard A. Ohlsen, Grand Forks.

PEDERSON, Justice.

This is a motion by Adeline Sanford and Hermoine Hammargren to dismiss an appeal by Kenneth D. Sanden from a judgment, alleging a failure to file the notice of appeal within the time permitted by the rules. Motion denied.

The facts are as follows:

Judgment was entered in district court for Sanford and Hammargren on August 21, 1979. On that same day, a copy of the notice of entry of judgment was served by mail upon Sanden's counsel (Ohlsen). Counsel for Sanford and Hammargren (Feste) alleges that on August 22, 1979, he personally delivered a copy of the notice of entry of judgment to a young lady in Ohlsen's office. Ohlsen denies any knowledge of this service.

On October 23, 1979, Ohlsen, in behalf of Sanden, filed with the clerk of the district court a notice of appeal from the district court judgment. A copy of the notice of appeal was received by Feste on the same day. Thereafter, Feste, in behalf of Sanford and Hammargren, filed this motion to dismiss the appeal on the ground of failure to comply with Rule 4(a) of the North Dakota Rules of Appellate Procedure in that the notice of appeal was not filed within 60 days from the date of service of notice of entry of judgment.

The pertinent part of Rule 4, NDRAppP, is as follows:

"(a) Appeals in Civil Cases. In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 60 days of the date of the service of notice of entry of the judgment . . . ." [Emphasis added.]

Sanden claims that service was made by mail in the instant case. Rule 26(c), NDRAppP, provides that if a paper is served by mail, three days must be added to the prescribed period. Consequently, Sanden's notice of appeal, filed on October 23, 1979, would be within the 63 days allowed and would be timely.

Sanford and Hammargren claim that although service by mail was made first, thereafter counsel personally served the notice of entry of judgment by leaving a copy with a young lady in opposing counsel's office. This personal service, they claim, cuts off the three extra days service by mail allows. Sanden's counsel denies any knowledge of this service.

Although there is nothing in the rules which prohibits personal service being made after service by mail, fairness dictates that it should be done in a manner that will be sure to alert counsel of the personal service. There is a risk in serving an unnamed person that there would be difficulty in proving the adequacy of the service. Proof of personal service in any manner other than by sheriff's certificate thereof, or by admission of service, can be questioned, placing this court in the distasteful situation of having to weigh one counsel's word against the other's. This points out the wisdom of the Rule 4, NDRCivP, requirement that service should be made by a disinterested person. "The law has wisely intrusted the decision of disputes between citizens to persons wholly disinterested and free from bias . . . ; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes." *Van Sickle v. McArthur*, 110 N.W.2d 281, 283 (N.D.1961).

It is easy to see how Ohlsen, having received service by mail, would assume there would be no personal service, and would assume he had the 63 days to file his notice of appeal that service by mail allows. Because Feste first made service by mail, he should have employed a method of personal service that would have guaranteed that Ohlsen would have been notified of this personal service. It would be an unfair penalty on the clients to dismiss this appeal. Accordingly, and in keeping with our desire to decide cases on the merits, we decline to grant the motion to dismiss.

Counsel for appellant did not respond in opposition to this motion until strongly advised to do so by this court, and did not file his brief until the very morning of the oral argument. Accordingly, in response to request from counsel for appellees, we have concluded that counsel for appellant should pay motion costs to counsel for appellees in the sum of $250.00.

ERICKSTAD, C. J., and VANDE WALLE, SAND and PAULSON, JJ., concur.