WASHBURN PUBLIC SCHOOL DISTRICT NO. 4 OF McLEAN COUNTY, North Dakota, Appellant,

v.

STATE BOARD OF PUBLIC SCHOOL EDUCATION of the State of North Dakota, Robert O. Wefald, Attorney General of the State of North Dakota, and Center Public School District No. 18 of Oliver County, State of North Dakota, Appellees.

Civ. No. 10469.

Supreme Court of North Dakota.

Oct. 4, 1983.

---

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.

Russel G. Robinson (argued) and Walfrid B. Hankla, of McGee, Hankla, Backes & Wheeler, Minot, for appellant.

Nancy K. Hoff, Asst. Atty. Gen., Bismarck, for appellees.

VANDE WALLE, Justice.

Washburn Public School District No. 4 appealed from the district court's judgment dismissing an administrative appeal from the decision of the State Board of Public School Education which denied annexation of part of Center Public School District No. 18 in Oliver County to Washburn Public School District No. 4 in McLean County. We affirm.

Parents of children who attend Center Public School petitioned to have annexed 10.25 sections of Center Public School District No. 18 in Oliver County to Washburn Public School District No. 4 in McLean County. The parents ("petitioners") stated that their children should attend Washburn Public School instead of Center Public School because their children live closer to Washburn. The petitioners argued that their children would spend significantly less time commuting and that their children

would be better able to participate in extra-curricular activities. At the Oliver-McLean school district reorganization meeting, the McLean County committee approved the proposal for annexation, but the Oliver County committee rejected the proposal.

The petition was submitted to the State Board of Public School Education ("State Board") for approval or disapproval pursuant to Section 15–53.1–06, N.D.C.C. During the first hearing before the State Board the petitioners again presented their arguments. Among those present at the hearing was the president of the Washburn school board. The State Board determined that the Oliver County comprehensive reorganization plan does not allow for any alteration of the boundaries, but that the McLean County comprehensive reorganization plan does allow alterations. The State Board decided to delay its decision on annexation in order to discuss the petition with the Attorney General.

The Attorney General recommended that a special committee should develop a compromise plan. After the plan was developed, the McLean County committee on school district reorganization voted to accept it and the Oliver County committee voted to reject it.

A second hearing was held before the State Board, and the Board considered the prior testimony of the petitioners, the reorganization plans of the counties, and the counties' recent failure to adopt the compromise plan. The Board decided to deny annexation of Center Public School to Washburn Public School and the Washburn Public School District appealed the State Board's decision to the district court of McLean County, pursuant to Section 28–32–15, N.D.C.C. After the question was raised by the district court, the State Board moved to dismiss the appeal to the district court on the ground that Washburn Public School District was not an aggrieved party. The district court granted the motion to dismiss, stating that the petitioners were the aggrieved parties.

On appeal Washburn Public School District contends that it does have standing to challenge the State Board of Public School Education's decision denying annexation of Center Public School to Washburn Public School.

Section 28–32–01(1–s), N.D.C.C., provides that the State Board of Public School Education is not an administrative agency when it administers the State School Construction Fund. In the present case the State Board is an administrative agency because it reviewed the petition for annexation of Center Public School to Washburn Public School.

Section 28–32–15, N.D.C.C., provides, in part, that any party to a proceeding heard by an administrative agency may appeal from that agency's decision to the district court.

In *Application of Bank of Rhame*, 231 N.W.2d 801, 808 (N.D.1975), this court articulated a three-part test for determining whether or not a person has standing to appeal from a decision of an administrative agency:

"[A]ny person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved by the decision of the agency, and who participates in the proceeding before such agency, is a 'party' to any proceedings for the purposes of taking an appeal from the decision."

See also *Matter of Persons*, 311 N.W.2d 919 (N.D.1981); *O'Connor v. Northern States Power Co.*, 308 N.W.2d 365 (N.D.1981); *Reliance Ins. Co. v. Public Serv. Com'n*, 250 N.W.2d 918 (N.D.1977); *Citizens State Bank of Neche v. Bank of Hamilton*, 238 N.W.2d 655 (N.D.1976); *Bank of Hamilton v. State Banking Bd.*, 236 N.W.2d 921 (N.D. 1975).

Washburn Public School District easily fulfills two of the requirements for standing. First, Washburn Public School District was a party directly interested in the proceedings before the State Board of Public School Education because it clearly supported the annexation of land from the Center Public School District to Washburn Public School District. Second, Washburn

Public School District participated in the proceedings before the State Board, as indicated by its representation at the hearings. The president of the Washburn school board and the Washburn school superintendent participated in the hearings.

The third requirement for standing—that the party be factually aggrieved by the decision—invites greater analysis. In *Associated General Contractors v. Local No. 580,* 278 N.W.2d 393, 397 (N.D.1979), this court stated that a party lacks standing if he has only "a nominal, formal, or technical interest in the action." See also *Froling v. Farrar,* 77 N.D. 639, 44 N.W.2d 763 (1950). A party thus may be interested in an action but fail to be factually aggrieved. A party must be injured in some manner. *Bernhardt v. Rummel,* 319 N.W.2d 159 (N.D.1982). Thus a party is factually aggrieved if a decision has enlarged or diminished that party's interest.

In the present case Washburn Public School District contends that the State Board's denial of the annexation petition precluded it from receiving increased property tax support and increased enrollment payments. The Washburn District argues that the denial of the annexation petition barred, not merely diminished, its interest in the increased financial support. The district court rejected this contention, stating that the State Board's decision to deny the proposed annexation simply maintained the status quo; that is, Washburn neither gained nor lost anything.

This court has distinguished between the potential to be aggrieved and to be aggrieved in fact. In *Citizens State Bank of Neche v. Bank of Hamilton, supra,* the Bank of Hamilton had only the *potential* to be factually aggrieved when the Citizens State Bank of Neche applied to the State Banking Board for permission to relocate in the same town where the Bank of Hamilton did business. When the State Banking Board approved the application for relocation of the Citizens State Bank of Neche, the Bank of Hamilton became aggrieved in fact because the relocation created competition between the two banks.

In the case before us the Washburn Public School District had the potential to benefit. A decision adverse to the Washburn Public School District, however, does not necessarily signify that the Washburn Public School District was aggrieved in fact. Not every adverse decision signifies that a party is aggrieved in fact. In *Huber v. Miller,* 101 N.W.2d 136 (N.D.1960), we held that resident taxpayers lacked standing to appeal the decision of the board of county commissioners. As electors and taxpayers, the plaintiffs favored a different location for a proposed road. We explained that "mere dissatisfaction or displeasure of an individual with a decision of the board of county commissioners is not enough to give such individual a right of appeal from such decision." 101 N.W.2d at 140.

In *Cathay Special School Dist. No. 9 v. Wells County,* 118 N.W.2d 720 (N.D.1962), this court held that the Cathay School District was an aggrieved party within the meaning of Section 11–11–39, N.D.C.C., which provides that "any person aggrieved" by a decision of the board of county commissioners may appeal the decision to the district court. This statute is similar to the relevant statutes in the present case. See Secs. 28–32–14 and 28–32–15, N.D.C.C. Section 28–32–14 states that any party who is aggrieved by the decision of an administrative agency may request a rehearing, and Section 28–32–15 states that any party to any proceeding heard by an administrative agency may appeal from the agency's decision. These two statutes, when read together, suggest that any party who is factually aggrieved by the decision of an administrative agency may appeal to the district court.

This court held that the school districts involved were aggrieved when the administrative agency granted the annexation petitions challenged therein. We stated:

"The existence, scope and purpose, with the intended duties and obligations, of school districts within their respective boundaries, creates such a legal interest in determination of its boundaries and

the problems that naturally flow therefrom which qualify them as 'persons aggrieved' ..." *Cathay*, 118 N.W.2d at 723.

In *Cathay* we did not grant all school districts the right to appeal an administrative agency's decision, but only those school districts aggrieved as indicated by the circumstances of the particular case. The decision to change the boundaries of the school districts involved was a decision that adversely affected the school districts.

■ Thus a school district may be adversely affected by a decision that causes the district to lose land or to gain unwanted land. See *Edmore Public Sch. Dist. No. 2 v. State Bd.*, 326 N.W.2d 81 (N.D.1982); *McKenzie Cty., Etc. v. State Bd. of Pub., Etc.*, 311 N.W.2d 167 (N.D.1981).

■ A school district's right to appeal a decision of an administrative agency therefore is related to how a decision affects the school district. A decision to approve or to deny a petition for annexation does not of itself indicate if a school district is an aggrieved party. In the present case the district court correctly held that the petitioners, not the school districts, were the parties adversely affected by the State Board's denial of the annexation petition. As we stated in *In re Township 143 North, Range 55 West, Cass County*, 183 N.W.2d 520, 528 (N.D.1971), "The right of electors to petition for detachment of a portion of their school district and for attachment to another ... has been in effect since early statehood in North Dakota." [1]

The Legislature in Section 28–32–15 has given all aggrieved parties a right to appeal. We do not deny standing on technical grounds that preclude effective review of the State Board's decision to deny annexation. See *Application of Bank of Rhame*, *supra*. We agree with the district court's observation that Washburn neither gained nor lost anything. The petitioners, not Washburn Public School District, have that right to appeal.

■ We therefore conclude that although Washburn Public School District was directly interested in the State Board's decision denying annexation of land in the Center Public School District to the Washburn Public School District, and although the Washburn Public School District participated in the administrative hearings, it is not an aggrieved party within the meaning of Section 28–32–15, N.D.C.C.

We affirm the district court's dismissal of the action.

ERICKSTAD, C.J., SAND, J., and PAULSON *, Surrogate Justice, concur.

PEDERSON, Justice, dissenting.

I do not agree with the narrow interpretation of the right to appeal which has been applied by Justice VandeWalle. I would interpret § 28–32–15, NDCC as granting any "party" the right to appeal without any showing of being aggrieved. If Washburn Public School had opposed the petition and had lost, certainly it could appeal. Does that mean that the right of appeal is dependent upon which side you are on? It should not.

---

1. In deciding that only the petitioners had standing to appeal the denial of the annexation petition, we do not undermine the following holding in *Anderson v. Peterson*, 78 N.D. 949, 964, 54 N.W.2d 542, 551 (N.D.1952):

"The inhabitants of a school district have no property rights in the boundaries thereof or in the maintenance of their district. The formation of school districts is entirely within the power of the legislature."

*Anderson* is distinguishable from the present case. The allegedly aggrieved parties in *Anderson* were inhabitants of a school district. They challenged the constitutionality of the 1947 School District Reorganization Act, which pro-

vided that only electors residing within the proposed district could vote. At issue was the Legislature's authority to confer discretion upon a State committee in determining school matters such as annexation, reorganization, and dissolution. The Legislature's authority is not at issue in the present case because the Legislature has explicitly created a process for aggrieved parties to appeal a decision of an administrative agency. See Sec. 28–32–15, N.D.C.C.

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.